**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CARPET & TILE BY THE MILE, LLC, DENISE VAN HISE and TREVOR VAN HISE, individually and as the representatives of a class of similarly-situated persons, ) ) ) ) ) | |
| Plaintiffs, ) | Civil Action No. 3:20-cv-00617 |
| ) | |
| v. ) | **CLASS ACTION** |
| ) | |
| HOMEADVISOR, INC., ) | |
| ) | |
| Defendant. ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs, CARPET & TILE BY THE MILE, LLC, DENISE VAN HISE and TREVOR VAN HISE ("Plaintiffs"), brings this action on behalf of themselves and all others similarly situated, through their attorneys, and except as to those allegations pertaining to Plaintiffs or their attorneys, which allegations are based upon personal knowledge, allege the following upon information and belief against Defendant, HOMEADVISOR, INC. ("Defendant"):

**PRELIMINARY STATEMENT**

1. This case challenges Defendant's practice of sending unsolicited advertisements via facsimile.

2. The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 (hereafter "TCPA" or the "Act"), and the regulations promulgated under the Act, prohibit a person or entity from sending fax advertisements without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. On or about February 3, 2020, Defendant sent Plaintiffs an unsolicited fax advertisement in violation of the TCPA (the "Fax"), a true and correct copy of which is attached hereto as Exhibit A, and made a part hereof. The Fax describes the commercial availability and/or quality of Defendant's property, goods or services, namely, Defendant's "HomeAdvisor services" (Exhibit A).

4. Plaintiffs allege on information and belief that Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the TCPA, including but not limited to the advertisement sent to Plaintiffs.

5. Defendant's unsolicited faxes have damaged Plaintiffs and the class in that a junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax intrudes into the recipient's seclusion and violates the recipient's right to privacy. Unsolicited faxes occupy fax lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

6. On behalf of themselves and all others similarly situated, Plaintiffs brings this case as a class action asserting claims against Defendant under the TCPA. Plaintiffs seeks to certify a class of individuals and companies that were sent the Fax and other unsolicited fax advertisements without prior express invitation or permission and without compliant opt-out language (to the extent the affirmative defense of "established business relationship" is alleged). Plaintiffs seeks statutory damages for each violation of the TCPA and injunctive relief.

7. Plaintiffs are informed and believe, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the facsimile

transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the TCPA. This action seeks relief expressly authorized by the TCPA: (i) injunctive relief enjoining Defendant, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the TCPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act in the event the Court determines any TCPA violations were willful or knowing.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

9. This Court has personal jurisdiction over Defendant because Defendant transacts business within this judicial district, has made contacts within this judicial district, and/or has committed tortious acts within this judicial district.

## PARTIES

10. Plaintiff, CARPET & TILE BY THE MILE, LLC, is a Connecticut limited liability company, with its principal place of business within this judicial district. Plaintiff, DENISE VAN HISE, is the managing member.

11. Plaintiff, TREVOR VAN HISE, is the sales manager for CARPET & TILE BY THE MILE, LLC.

12. Defendant, HOMEADVISOR, INC., is a Delaware corporation with its principal place of business in Golden, Colorado.

## **FACTS**

13. On information and belief, Defendant is a for-profit corporation that is in the business of recommending/providing individuals with lists of trusted local professionals for any home project. In order to provide the public with such lists, Defendant solicits various service professionals to become members to receive leads that match the type of work they are seeking.

14. On or about February 3, 2020, Defendant sent an unsolicited facsimile advertisement to Plaintiffs using a telephone facsimile machine, computer, or other device. *See* Exhibit A. Plaintiffs received the Fax on a stand-alone fax machine.

15. The Fax, which is addressed to "Trevor," states in part the following:

"We are pleased to welcome you to your FREE Preview of HomeAdvisor services. During this Preview, you will receive the leads that match your preferences. You will not be able to contact these customers leads until you are enrolled and approved.

How HomeAdvisor works Once You Are a Member:
- You tell us exactly the type of work you want,
  in the areas you choose
- We send you leads that meet your preferences"

It further states:

"If after the Preview period you find our leads valuable, you can fully enroll online at www.homeadvisor.com or call one of our sales representatives to assist you.

Regards,

Online Marketing Consulting"

(*See* Ex. A).

16. The website, www.homeadvisor.com, (last visited 2/7/20) states:

### **Are You a Home Improvement or Service Pro?**

Find out how HomeAdvisor can help your business.

For Service Professionals

   Log In

4

Join Our Network
Grow Your Business
Pro Resource Center
Contractor Leads
National Accounts

17. The Fax advertises the commercial availability and/or quality of Defendant's property, goods, or services, namely, the quality of their lead service to various home improvement and services professionals if they join its Pro Network and become a member. Therefore, the Fax is an advertisement under the TCPA and the regulations implementing the TCPA.

18. On information and belief, Defendant receives some or all of the revenues from, and profits and benefits from, home improvement and service professionals becoming members/joining its Pro Network as offered on Exhibit A.

19. Defendant created or made the Fax, or directed a third party to do so, and the Fax was sent by or on behalf of Defendant with Defendant's knowledge and authorization.

20. Plaintiffs did not give Defendant "prior express invitation or permission" to send the Fax.

21. On information and belief, Defendant faxed to at least forty recipients' telephone facsimile machines the same and other unsolicited facsimile advertisements without prior express invitation or permission, and without the required opt-out language, thereby precluding the affirmative defense of established business relationship.

22. There are no reasonable means for Plaintiffs (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

23. Defendant's facsimile attached as Exhibit A does not display a compliant opt-out notice as required by 47 C.F.R. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

## CLASS ACTION ALLEGATIONS

24. In accordance with Fed. R. Civ. P. 23(b)(3), Plaintiffs brings this class action pursuant to the TCPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain "prior express invitation or permission" to send fax advertisements, or (4) with whom Defendant did not have an established business relationship, and (5) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4).

Excluded from the Class are Defendant, its employees and agents, and members of the Judiciary. Plaintiffs seeks to certify a class that includes but is not limited to the fax advertisement(s) sent to Plaintiffs. Plaintiffs reserve the right to amend the class definition upon completion of class certification discovery.

25. <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiffs are informed and believe, and upon such information and belief avers, that the number of persons and entities of the proposed Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and upon such information and belief avers, that the number of class members is at least forty.

26. <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

      (a)      Whether the Fax and other faxes sent during the class period constitute advertisements under the TCPA and its implementing regulations;

      (b)      Whether Defendant meets the definition of "sender" for direct TCPA liability, meaning a "person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement," 47 C.F.R. § 64.1200(f)(10);

      (c)      Whether Defendant had prior express invitation or permission to send Plaintiffs and the class fax advertisements;

      (d)      Whether the Fax contains an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

      (e)      Whether Defendant should be enjoined from faxing advertisements in the future;

      (f)      The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A or other fax advertisements;

      (g)      Whether Defendant should be enjoined from sending fax advertisements in the future;

      (h)      Whether Plaintiffs and the other members of the class are entitled to statutory damages; and

      (i)      Whether the Court should award treble damages.

27.    <u>Typicality (Fed. R. Civ. P. 23(a)(3)):</u>  Plaintiffs' claims are typical of the claims of all class members. Plaintiffs received the same or similar fax as the faxes sent by or on behalf of Defendant advertising the commercially availability and/or quality of property, goods or

services of Defendant during the Class Period. Plaintiffs are making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. Defendant has acted in the same or in a similar manner with respect to Plaintiffs and all the class members by sending Plaintiffs and each member of the class the same or similar fax or faxes which did not contain compliant opt-out language or were sent without prior express invitation or permission.

28. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>:  Plaintiffs will fairly and adequately represent and protect the interests of the class. Plaintiffs are interested in this matter, have no conflicts, and have retained experienced class counsel to represent the class.

29. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>:  Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a) Proof of the claims of Plaintiffs will also prove the claims of the class without the need for separate or individualized proceedings;

(b) Evidence regarding defenses or any exceptions to liability that Defendant may assert and attempt to prove will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

(c) Defendant has acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

(e) This case is inherently manageable as a class action in that:

(i) Defendant identified persons to receive the fax transmissions and it is believed that Defendant's and/or Defendant's agents' computers and business records will enable Plaintiffs to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for Plaintiffs and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

(v) A class action will contribute to uniformity of decisions concerning Defendant's practices; and

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

**Claim for Relief for Violation of the TCPA, 47 U.S.C. § 227** *et seq.*

30. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. § 227(b)(1)(C).

31. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

32. **Opt-Out Notice Requirements.** The TCPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in section (b)(1)(C)(iii) of the Act, that senders of fax advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following, among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

  A. a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

  B. a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

  C. a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines; and

  D. The opt-out language must be conspicuous.

The requirement of (1) above is incorporated from section (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from section (b)(D)(ii) of the Act and the rules and regulations of the FCC in ¶ 31 of its 2006 Report and Order (*In re Rules & Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005*, 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in section (b)(2)(E) of the Act and incorporated into the

Opt-Out Notice Requirements via section (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon consumers and businesses giving them the right, and means, to stop unwanted fax advertisements.

33.  **2006 FCC Report and Order.** The TCPA, in section (b)(2) of the Act, directed the FCC to implement regulations regarding the TCPA, including the TCPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

A.  The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under section (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

B.  The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under section (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16);

C.  The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under section (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34).

34. **The Fax**. Defendant sent the Fax on or about February 3, 2020, via facsimile transmission from a telephone facsimile machine, computer, or other device to the telephone number and telephone facsimile machines of Plaintiffs and members of the Class. The Fax is an advertisement as described under the Act and the regulations implementing the Act. Defendant failed to comply with the Opt-Out Notice Requirements in connection with the Fax. The Fax was transmitted to persons or entities without their prior express invitation or permission and/or Defendant is precluded from sustaining the established business relationship safe harbor with Plaintiffs and other members of the class, because, *inter alia*, of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendant violated the TCPA and the regulations promulgated thereunder by sending the Fax via facsimile transmission to Plaintiffs and members of the Class. Plaintiffs seek to certify a class which includes this Fax and all others sent during the four years prior to the filing of this case through the present.

35. **Defendant's Other Violations.** Plaintiffs are informed and believe, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines faxes, other than Exhibit A, that constitute advertisements under the TCPA that were transmitted to persons or entities without their prior express invitation or permission (and/or that Defendant is precluded from sustaining the established business relationship safe harbor due to its failure to comply with the Opt-Out Notice Requirements). By virtue thereof, Defendant violated the TCPA and the regulations promulgated thereunder. Plaintiffs are informed and believe, and upon such information and belief avers, that Defendant may be continuing to send unsolicited advertisements via facsimile transmission in violation of the TCPA and the regulations

promulgated thereunder, and absent intervention by this Court, will do so in the future.

36. The TCPA provides a private right of action to bring this action on behalf of Plaintiffs and Plaintiffs Class to redress Defendant's violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

37. The TCPA is a strict liability statute, so Defendant is liable to Plaintiffs and the other class members even if its actions were only negligent.

38. Defendant knew or should have known that (a) Plaintiffs and the other class members had not given prior express invitation or permission for Defendant or anybody else to fax advertisements about the availability or quality of Defendant's property, goods, or services to be bought or sold; (b) Plaintiffs and the other class members did not have an established business relationship with Defendant; (c) Defendant transmitted advertisements; and (d) the Faxes did not contain the required Opt-Out Notice.

39. Defendant's actions caused injury to Plaintiffs and the other class members. Receiving Defendant's unsolicited fax advertisements caused Plaintiffs and other recipients to lose paper and toner consumed in the printing of Defendant's faxes. Defendant's unsolicited fax advertisements occupied Plaintiffs' and class members' telephone lines and fax machines. Defendant's unsolicited fax advertisements cost Plaintiffs and class members' time, as Plaintiffs and their employees, as well as other class members and their employees, wasted their time receiving, reviewing, and routing Defendant's unauthorized faxes. That time otherwise would have been spent on Plaintiffs' and the class members' business or personal activities. Defendant's faxes intruded into Plaintiffs' and other class members' seclusion and violated their right to privacy, including their interests in being left alone. Finally, the injury and property

damage sustained by Plaintiffs and the other class members from the sending of Defendant's unsolicited fax advertisements occurred outside of Defendant's premises.

WHEREFORE, Plaintiffs, CARPET & TILE BY THE MILE, LLC, DENISE VAN HISE and TREVOR VAN HISE, individually and on behalf of all others similarly situated, demand judgment in their favor and against Defendant, HOMEADVISOR, INC., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiffs as the representative of the class, and appoint Plaintiffs' counsel as counsel for the class;

B. That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and that the Court award treble damages of $1,500.00 if the violations are deemed "willful or knowing";

C. That the Court enjoin Defendant from additional violations; and

D. That the Court award pre-judgment interest, costs, and such further relief as the Court may deem just and proper.

    Respectfully submitted,

    CARPET & TILE BY THE MILE, LLC, DENISE VAN HISE and TREVOR VAN HISE individually and as the representatives of a class of similarly-situated persons,

    By: /s/ Ryan M. Kelly
    Ryan M. Kelly – ct 30230
    **ANDERSON + WANCA**
    3701 Algonquin Road, Suite 500
    Rolling Meadows, IL 60008
    Telephone: 847-368-1500
    rkelly@andersonwanca.com